The next case also has a couple of people. It's Ruddy v. Krimko, Gustavia Holm, and SLF New York Holdings. The only people appearing today are Melvin Krimko and Gustavia Holm. This is a case of foreclosure. We don't have the plaintiff here. It's on but why don't we hear from Krimko. Thank you. May it please the court, Henry Masch of Rifkin-Radler, attorney for Melvin Krimko. The district court correctly dismissed the complaint for lack of subject matter jurisdiction. Krimko is an attorney? Melvin Krimko is the attorney for SLF who commenced the eviction proceedings a year after the judgment of foreclosure. And the plaintiff attempted to state law claims against Mr. Krimko. But this court has held that there's no supplemental jurisdiction when the court doesn't have original jurisdiction to anchor the case to the federal courts in the first place. And that's exactly what we have here. The district court was extremely patient with this plaintiff who was representing himself. The plaintiff had the opportunity to file a complaint, an amended complaint, a second amended complaint. And each time the plaintiff failed to allege the citizenship of each of the defendants, which could have established diversity jurisdiction. And each time the plaintiff failed to state a claim under federal law. Now, the factual basis for the complaint is that the original foreclosure was invalid because the original holder of the mortgage, People's Choice, transferred that mortgage while it was in bankruptcy proceedings and didn't get authority from the bankruptcy court. But this court just held in the mortgage foreclosure action itself just in September that the bankruptcy court did, in fact, give People's Choice the authority to transfer that mortgage. And I have the citation for that, if you'd like it. Ginsburg. In spite of the stay? There was no stay of the judgment of foreclosure pending appeal. Ah. So they didn't. Right. Okay. But even if this Court were to find that there was original jurisdiction with respect to one of Mr. Krimko's co-defendants, the plaintiff still failed to state a claim under State law. The plaintiff asserted two State law claims, one for professional negligence and one for violation of Section 349 of New York's general business law. In New York, you can't have a professional negligence claim unless you have privity with the attorney, unless there's some exception for fraud or collusion. And in this case, the complaint doesn't allege that the plaintiff had an attorney-client relationship with Krimko. Krimko represented the company that was evicting. It had foreclosed. No. They represented SLF, which was eventually had the mortgage and then was evicting his tenants who were there. And there's no he the plaintiff can't plausibly allege any exception, because Mr. Krimko wasn't involved in the original mortgage foreclosure. That happened in June 2016. His client didn't get the mortgage and start the eviction proceeding until June of 2017. And with regard to the violation of Section 349 of the general business law, that section requires the plaintiff to allege consumer-oriented conduct. That's conduct that's directed to consumers as a whole and not at individuals. And in this case, the allegedly improper foreclosure and the subsequent eviction proceeding is a unique to these parties. It's not directed at consumers generally. And for that reason, the plaintiff also failed to state a claim under GBL 349. So just to conclude, there was no supplemental jurisdiction here because the court lacked original jurisdiction, and the plaintiff also, in any event, failed to state a claim that's viable under State law. Thank you. We'll hear from Gustavia Holmes. Gustavia Holmes, you're representing them? Yes, I'm representing Apelli's Gustavia Holmes LLC, the Margolin and Weinreb Law Group, and Allen H. Weinreb Esquire. They were all sued as defendants in this case. Oh, I see. And Gustavia Holmes was the builder? Gustavia Holmes was the successor in interest to the note in the mortgage. They're the ones who initiated the foreclosure action in 2016, and Margolin and Weinreb Law Group was representing Gustavia Holmes LLC, and Allen Weinreb is the partner of Margolin and Weinreb. In the foreclosure? In the foreclosure action in 2016, correct. We asked this court to affirm the district court's decision granting dismissal of the underlying action as the district court had neither diversity nor federal question jurisdiction. As this court may be aware, this is the plaintiff's appellant's third attempt to undo a judgment of foreclosure and sale in a related district court foreclosure action commenced in 2016 on an investment property which was later appealed in this court and is currently pending. Not content, the plaintiff appellant, Ruddy, excuse me, commenced an action in 2017 under the Federal Debt Collection Practices Act and various New York State claims, which FDCPA claims was subsequently dismissed with prejudice against appellee defendants Gustavia Holmes LLC and the Margolin and Weinreb Law Group LLP after they moved for dismissal in that 2017 action. This was never appealed. Similarly, in the instant action, this court should affirm the district court's decision for the following reasons. The plaintiff appellant, Ruddy, despite the many chances provided by the district court because of his pro se status, failed to properly plead diversity jurisdiction. Plaintiff appellant simply argues that because Gustavia Holmes LLC had diversity jurisdiction in the 2016 foreclosure action, it follows that he has diversity jurisdiction in this action. This is not the case, as no diversity jurisdiction was invoked by plaintiff Ruddy regarding the citizenship of the appellee defendants' limited liability members and the limited liability partners. Despite the filing of the subsequent amended complaints and the guidance in the district court's order given by Kogan, Ruddy never pled diversity of citizenship with any specificity or particularity. Equally, unavailing of this court's jurisdiction were appellant plaintiff's attempts at, again, invoking federal question jurisdiction. Regarding the FDCPA claims against Gustavia Holmes and Margolin and Weinreb Law Group, the district court has already held in the related 2017 action commenced by Ruddy that Gustavia Holmes LLC and the Margolin and Weinreb Law Group were not debt collectors. The relevant provisions of the FDCPA only apply to the activities of a debt collector, which is defined as any person who uses any instrumentality of interstate commerce with the principal purpose, which is the collection of any debts, or who regularly collects or attempts to collect directly or indirectly, debts owed due or asserting to be owed due to another. You have to admit it's pretty creative. What is? To bring an FDCPA case. It is, Your Honor. And it happens all the time to our firm. We have several defendants or borrowers that they lose in an underlying foreclosure action and then they launch FDCPA claims as well as state court claims and sometimes we don't even know we're being sued. We're not served with the papers. Here based on the collateral estoppel from the 2016 action and the fact that the 2017 action already dismissed the FDCPA claims with prejudice against Apelli, Gustavia Home, and Margolin and Weinreb Law Group, the claims made herein under this action must similarly fail. As to a law firm, the vast majority of courts in this court have found that such an action to enforce an interest in real property does not qualify as debt collection. Regarding the claims involving violations of the Federal Credit Reporting Act, the District Court was correct in its analysis of Ruddy's claims pursuant to 16A1S2A and B. As against Apelli, Gustavia under 16A1SB1, a plaintiff must allege defendant is a furnisher of information, the defendant received notice of the consumer dispute from a consumer reporting agency, and that defendant acted willful or negligent in the noncompliance of that statute. Plaintiff has failed to plead any of the facts to show that the Apelli defendant Gustavia received any notice of dispute from any consumer agency or that any alleged harm or loss of credit resulted in saying. With regard to the additional arguments raised in the appeal regarding the bid price and that the plaintiff in the underlying 2016 foreclosure action failed to name the first mortgagee, the court must ignore those arguments because they were never raised and were only raised first on this appeal. If there's any questions, I rest on the briefs. Thank you, counsel. Thank you. Hearing no opposition, we will take the case under consideration and reserve decision. Thank you both for appearing. The next two cases on our calendar are on submission, so I will ask the clerk to adjourn court.